# MW BUILDERS OF KANSAS, INC.

v.

# VT PROPERTIES, INC., ET AL.

Record No. 921923

September 17, 1993

Present: All the Justices

*Frank F. Sallee (S. Sadig Gill; Wright, Robinson, McCammon, Osthimer & Tatum*, on brief), for appellant.

*Shannon J. Birglia (Jeffrey G. Gilmore; Wickwire Gavin*, on brief), for appellee National American Insurance Company.

*Edward W. Cameron (Odin, Feldman & Pittleman*, on brief), for appellee Metro Building Supply, Inc.

*J. Martin Bass (Willis, Braxton, Ashby & Bass*, on brief), for appellee VT Properties, Inc.

No brief or argument for appellees Walters Foundations, Inc.; J.S. Purcell Lumber Corporation; Medicorp Properties, Inc.; NationsBank, N.A.; and Southeastern Wholesale Supply Company, Inc.

JUSTICE LACY delivered the opinion of the Court.

In this case we construe the terms of a settlement agreement reached in a mechanic's lien case to determine whether that agreement required the dismissal of a suit pending in another jurisdiction against the surety on the payment bond.

Three materialmen, Metro Building Supply, Inc., J.S. Purcell Lumber Corporation, and Southeastern Wholesale Supply Company, Inc., provided materials to VT Properties, Inc. (VT) for use in a construction project in Fredericksburg. When the materialmen were not paid, they perfected their mechanics' liens against VT and filed suits to enforce the liens. VT, in turn, filed a lien action against the prime contractor, MW Builders of Kansas, Inc. (MW), and the surety on VT's payment and performance bonds, National American Insurance Company (NAIC). The trial court consolidated those suits.

In addition, MW filed a suit against VT and NAIC for breach of contract and asserted claims against the payment and performance

bonds issued by NAIC. This suit was filed in Missouri in accordance with the terms of the subcontract between MW and VT. Subsequently the suit was removed to the United States District Court for the Western District of Missouri. The materialmen were not parties to the Missouri litigation.

MW, VT, and NAIC reached a settlement agreement in the Virginia litigation that provided for payment of the materialmen's claims. The materialmen concurred in the agreement. Subsequently, however, disagreement arose regarding the precise terms of the agreement. Metro Building Supply, Inc. filed a motion to enforce the settlement agreement. The trial court granted the motion and entered a decree, holding that the settlement agreement required that NAIC be dismissed with prejudice from the pending Missouri lawsuit. The trial court denied MW's motion to reconsider and MW filed this appeal.

Our review of the terms of the settlement agreement is based on the transcript from a deposition at which the settlement terms were put on the record. The agreement, as recited by NAIC's counsel, provided as follows:

> We would like to put on the record at this time that an agreement has been reached between M. W. Builders, National American, and V. T. Properties to resolve and settle all outstanding payment claims related to the subcontractor and supplier claims presented in this consolidated action.

> The agreement which we have reached today is that M. W. Builders will contribute $135,000 towards settlement of the Percel [sic] Lumber claim, the Metro Building claim, and the Southeastern Wholesaler claim.

> National American Insurance Company will contribute the balance of the funds necessary to resolve those three claims.

> Mr. Cameron is here today on behalf of Metro, and his claim is — we're going to put that on the record as well. His claim is going to be resolved for the sum of $130,000, to be paid within ten calendar days. We are going to work out the logistics of the checks. We will do that probably later.

This settlement has been reached with the understanding that the surety, National American Insurance Company, will be dismissed from this action as the payment claims have been — the subcontractor supply claims have been resolved, and the action in Kansas City as well, I guess is going to be — since it is based on these same facts, the surety would also be dismissed from that action as well.

[Counsel for MW]: If the surety is a party.

Obviously, this is also contingent on working out the release language and the preservation of issues as between M. W. and V. T. that we discussed. With that I don't have any objection to the statement of the agreement as counsel has stated.

[Counsel for Metro]: I believe that this goes without saying, but I would anticipate that the agreement, at least as far as Metro is concerned, would entail the execution of mutual releases, at least as between Metro and V. T. Properties and the National American Insurance Company.

■ The trial court took no additional evidence. The parties agree that the terms of the agreement are clear and unambiguous and, therefore, the intent of the parties is to be determined within the "four corners" of the agreement. *Wilson v. Holyfield*, 227 Va. 184, 187-88, 313 S.E.2d 396, 398 (1984). Under this set of circumstances, we construe the agreement as written and are not bound by the trial court's interpretation of its terms. *Christopher Assoc. v. Sessoms*, 245 Va. 18, 22, 425 S.E.2d 795, 797 (1993).

■ The settlement agreement is silent as to whether dismissal of NAIC from the Missouri litigation should be with prejudice or without prejudice. It is clear, however, that the agreement was entered into "to resolve and settle all outstanding *payment claims* related to the subcontractor and supplier claims presented in this consolidated action" (emphasis added). The Virginia action involved only payment claims against NAIC and, thus, the Virginia action against NAIC was resolved fully under the settlement terms. Accordingly, the suit was dismissed with prejudice.

■ The agreement addressed no other claims against NAIC and, to the extent that other claims may exist in the Missouri action, those claims are not resolved by the terms of this agreement. To

reach the conclusion that the agreement included the dismissal of NAIC from the Missouri litigation with prejudice, this Court necessarily would have to add words to the settlement agreement set forth above. We will not do so. "The intention of the parties must be determined from what they actually say and not from what it may be supposed they intended to say." *Carter v. Carter*, 202 Va. 892, 896, 121 S.E.2d 482, 485 (1961).

Accordingly, we will reverse that portion of the judgment of the trial court that required the dismissal, with prejudice, of the lawsuit against NAIC pending in Missouri, and will remand the case with direction to enter judgment in accordance with this opinion.

*Reversed and remanded.*